BILLY P. EVANS, APPELLEE, v. GEAR DRILLING COMPANY, APPELLANT.

251 N. W. 2d 173

Filed March 9, 1977. No. 40872.

Cline, Williams, Wright, Johnson & Oldfather, for appellant.

Wright & Simmons, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal in a proceeding under the Workmen's Compensation Act. The plaintiff was employed as a roughneck on a drilling rig by the defendant. He was injured on January 7, 1974, when he slipped while walking down the steps from the doghouse which were snow-packed and icy. He slipped on the second step from the top and fell against the railing at the side of the steps. He slid down about 8 steps to the ground with his right arm draped over the railing. He worked the next day but had difficulty using his right arm be-

cause his neck and arm were stiff and sore. He also experienced dizziness whenever he tried to look up.

On the day after the accident he consulted his family physician who referred him to Dr. Grizzle, a neurological surgeon. The plaintiff saw Dr. Grizzle on February 11, 1974, and was hospitalized for 11 days. After being discharged from the hospital he continued to see Dr. Grizzle at monthly intervals. He returned to work in April 1975. He worked as a roughneck until December and then became a driller. A driller is in charge of the rig during his shift and has 3 or 4 hands working under him.

After the hearing before a single judge of the compensation court the plaintiff recovered an award for temporary total disability from February 11, 1974, to January 7, 1975. The compensation court found the evidence did not show that the plaintiff had sustained any disability after January 7, 1975; the compensation due the plaintiff had been paid in full by the defendant; and the plaintiff's medical and hospital expenses had been paid by the defendant.

On rehearing before a three judge compensation court, the court found that the plaintiff had sustained a 5 percent permanent partial disability to the body as a whole for which he was entitled to compensation and that he had additional medical and drug expense which should be paid by the defendant. From this award the defendant has appealed to this court.

The defendant contends there is no competent evidence to support the award for additional compensation made on rehearing. An award may be modified, reversed, or set aside by this court if there is not sufficient competent evidence in the record to warrant the making of the award. § 48-185, R. S. Supp., 1976.

The plaintiff offered no medical evidence at the rehearing other than reports and letters from Dr. Grizzle. There was no foundation for these exhibits and the defendant's objections on the grounds of hearsay and lack

of foundation were sustained. The plaintiff attempted to testify as to his opinion concerning the extent of his disability in terms of percentage of disability to the body as a whole. An objection to this testimony on the ground of lack of foundation was sustained. A similar objection was sustained to an offer of proof.

The defendant offered the deposition of Dr. Robertson, a neurosurgeon, who had examined the plaintiff on December 5, 1974. Dr. Robertson testified that it was his opinion the plaintiff had no permanent disability fairly attributable to the accident with reasonable medical probability. Dr. Robertson found the plaintiff had a full range of painless neck motion at the time of the examination although there was tenderness of the lower cervical spine to percussion. Dr. Robertson found no objective symptoms of a disturbance in the neck-shoulder area and was of the opinion that the plaintiff was able to return to work as a roughneck. He attributed the plaintiff's complaints of dizziness to an auditory disturbance which was not related to the accident.

The defendant contends the award for permanent partial disability must be reversed because there is no medical evidence to sustain it. The plaintiff relies upon Clark v. Village of Hemingford, 147 Neb. 1044, 26 N. W. 2d 15, and argues that expert medical evidence is not required to sustain a finding of permanent partial disability.

The Clark case involved a volunteer fireman who was injured while fighting a fire. A medical witness testified that the injured fireman had a limitation of motion of his left arm, "clawed" fingers on both hands, and scars on his face and arms, all of which were permanent injuries. From this testimony and the other evidence this court held the trial court could find that the plaintiff had sustained a 35 percent permanent partial disability to the body as a whole. We said: "In personal injury cases where the injuries are objective

and the conclusion to be drawn from proved basic facts does not require special technical knowledge or science, the use of expert testimony is not legally necessary. * * * Here the cause of the injuries and their permanency is not questioned. They are objective. The trial court heard the testimony and was able to observe the injuries."

The plaintiff's principal complaints in this case are pain and dizziness. These are not objective injuries and there is no medical evidence that the injuries are permanent if they exist. What medical evidence there is in the record is to the effect that the plaintiff sustained no permanent disability as a result of the accident and his dizziness is the result of an unrelated cause. Under these circumstances the finding that the plaintiff sustained a 5 percent permanent partial disability to the body as a whole is not sustained by any competent evidence and must be set aside.

The compensation court found, on rehearing, that the defendant should reimburse the plaintiff in the amount of $69.30 for prescription drugs purchased since October 22, 1975, and $156 for 10 trips to Cheyenne, Wyoming; and should pay $15 to Dr. Grizzle.

At the hearing the plaintiff testified he had paid for all his prescriptions, but did not have the bills with him, and had made a number of trips to Cheyenne, Wyoming, to see Dr. Grizzle for which he had not been reimbursed. The plaintiff further testified that he had the prescription bills and a list of the trips to Wyoming at his home. The compensation court granted the plaintiff permission to file the bills and transportation statement with the court after the hearing with the understanding the defendant could make written objections. The exhibits were supplied pursuant to this arrangement. The defendant objected to the exhibits by letter on the ground they were hearsay and there was no foundation for their admission in evidence, which objections were overruled.

The foundation for these exhibits was somewhat meager but it was within the discretion of the compensation court to determine that it was adequate. The procedure which was followed deprived the defendant of any opportunity to cross-examine the plaintiff as to the exhibits which were filed after the hearing. However, we conclude that the part of the award on rehearing which orders the defendant to reimburse the plaintiff in the amount of $225.30 is sustained by the evidence.

The finding that the defendant should pay Dr. Grizzle $15 is based upon exhibit 10, a statement for that amount which was received in evidence. The testimony concerning this exhibit established that it had been paid but not by the plaintiff. The evidence does not support a finding that the defendant should pay Dr. Grizzle for this statement.

That part of the award on rehearing which finds that the defendant should reimburse the plaintiff in the amount of $225.30 is affirmed; and that part of the award which finds that the plaintiff sustained a 5 percent permanent partial disability to the body as a whole and that the defendant should pay $15 to Dr. Grizzle is reversed.

AFFIRMED IN PART, AND IN PART REVERSED.